FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE BREANN M., <br>     Plaintiff, <br> v. <br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br>     Defendant. | No. 1:23-CV-03063-SAB <br><br> **ORDER REVERSING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Edmund Jack Darcher, Brian M. Donovan and Ryan Ta Lu. Pending before the Court are Plaintiff's Opening Brief, ECF No. 8, the Commissioner's Brief, ECF No. 10, and Plaintiff's Reply Brief, ECF No. 11.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

**I.    Jurisdiction**

On April 20, 2020, Plaintiff filed an application for Title XVI application

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~1

supplemental security income with the onset date of December 8, 2017. She later amended the alleged onset date to April 20, 2020, the filing date. Plaintiff's application was denied initially and on reconsideration. Plaintiff timely requested a hearing.

On December 22, 2021, the ALJ held a telephonic hearing. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel Robert Tree. Jaye Stutz, vocational expert also participated. On January 24, 2022, the ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on March 6, 2023. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on May 5, 2023. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~2

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the

**ORDER REVERSING THE DECISION OF COMMISSIONER ~3**

claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.  Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~4

1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 30 years old. She earned a GED and has taken some online college classes, but at the time of the hearing, she was on academic probation. She indicates that she is unable to engage in fulltime work due to her mental impairments. She has experienced severe depression since age 13. She has a history of self-harm and started cutting at age 14. She has attempted suicide a number of times.

Plaintiff suffers from depression and anxiety and has been diagnosed with bipolar disorder. She also experiences mood swings and irritability. On her bad days, she describes that it feels like there is somebody inside her head who is pacing back and forth, and she can't get the person to stop. Other days, she can play video games, which helps shut down her brain. She testified that she averages about one good day a week, and spends the other days in bed, unable to cope. Most days, she is unable to leave the house. She mostly shops for groceries online and has them delivered.

Plaintiff has a sporadic work history. Initially, she is excited about her new job, but then within a week, her anxiety and depression increases, and she ends up quitting. Her longest job lasted six months. Plaintiff received pandemic unemployment benefits. During that time, she applied to numerous jobs but was

**ORDER REVERSING THE DECISION OF COMMISSIONER ~5**

never hired.

At the time of the hearing, Plaintiff's children were 8 and 11. Her husband and her parents assist with their care.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-27. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 20, 2020, the application date and the amended onset date, but noted that she did receive unemployment benefits after the alleged onset date. AR 17.

At step two, the ALJ identified the following severe impairments: bipolar disorder; depression; anxiety; attention deficit hyperactivity disorder (ADHD); post-traumatic stress disorder. AR 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 18.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> a full range of work at all exertional levels but with the following non-exertional limitations: can understand, remember, and carry out simple instructions and exercise simple workplace judgment; can perform work that is learned by on the job training beyond a short demonstration lasting up to and including one month; can respond appropriately to supervision; can have occasional interaction with coworkers; can deal with occasional changes in the work environment; and can work in jobs that require no interaction with the public to perform the work tasks (does not preclude working environment where public is present).

AR 19.

At step five, the ALJ found that Plaintiff was capable of performing representative work such as hand packager; cleaner, lab equipment; and laundry worker II. AR 26. The ALJ found that Plaintiff was not disabled since April 20, 2020. AR 27.

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~6

## VI. Issues

1. Whether the ALJ properly evaluated Plaintiff's subjective complaints.
2. Whether the ALJ properly evaluated the medical opinion evidence.

## VII. Discussion

### A. Plaintiff's Subjective Testimony

Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons for discounting her subjective symptom testimony.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found the medical evidence did not substantiate Plaintiff's allegations of disabling symptoms and limitations and that Plaintiff provided exaggerated or inconsistent information. The ALJ concluded that Plaintiff was able to independently meet her own personal needs, perform some household chores and care for her children. The ALJ concluded that Plaintiff's activities of daily living served as evidence that she was capable of managing herself in order to take

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~7

part in a relatively normal daily or weekly routine.

The ALJ failed to provide convincing reasons for rejecting Plaintiff's symptom testimony. First, the ALJ erred in concluding that the medical evidence does not substantiate her allegations' of disabling symptoms or limitations. Not only is this not true, but the Social Security Regulations state that the ALJ's credibility determination cannot be premised wholly on a lack of medical support for the severity of their symptoms. *See* SSR 16-3p; *Light v. Soc. Sec. Admin.* 119 F.3d 789, 792 (9th Cir. 1997). Here, the medical records support that Plaintiff suffers from anxiety and depression that interfere with her ability to work.

Second, the ALJ relied on her therapist's recommendation that Plaintiff exercise, get outside, watch TV and play video games to find that Plaintiff's symptom testimony was not credible. The ALJ erred in doing so, and seemingly failed to appreciate the difference between recommendations and what Plaintiff was actually capable of doing. Also, as Plaintiff explained at the hearing, on bad days, she cannot play video games, but on some days, playing video games calms her brain and minimizes the feeling that a person is pacing back and forth in her head. This is not convincing evidence that Plaintiff is not being credible regarding her symptom testimony.

Third, the ALJ rejected Plaintiff's testimony regarding her symptoms because her daily activities are not limited to the extent one would expect. This is not a convincing reason because it is not true. While Plaintiff has children, she testified that her husband, her parents, and others helped her care for them. The record suggests that while Plaintiff may get her children off to school and performs some household chores, many times she spends the rest of the day in bed due to depression, which would not support full-time work. The record also demonstrates that while Plaintiff has been able to take college classes, her progress is slow and at the time of the hearing she was on academic probation. Thus, the fact that she has engaged in online classes is not a convincing reason to reject her testimony.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~8

Finally, the ALJ erred to finding that Plaintiff's sporadic work history suggests that her failure to engage in full time work was not entirely related to her impairments. This is not convincing because, as Plaintiff's testified, she has a pattern of starting a job, feeling excited, but then due to her depression and anxiety, she is unable to continue to work. On the contrary, substantial evidence supports that Plaintiff's long-standing mental impairments interfere with her ability to maintain employment. While the ALJ pointed to Plaintiff's receipt of pandemic-associated unemployment benefits to find she was not credible, there is nothing in the record to indicate whether she could perform full-time or only part-time work. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

The ALJ erred by failing to provide clear and convincing reasons for rejecting her symptom testimony.

### B.    Evaluation of the Medical Opinions

The ALJ rejected the medical opinion of consultative examiner Kathryn Johnson, Ph.D. The ALJ concluded that Dr. Johnson's opinion finding marked limitations were not supported by Dr. Johnson's mental status examination, which was within normal limits. The ALJ found that Dr. Johnson did not explain her opinion, did not provide adequate functional limitations, and relied heavily on the subjective report of symptoms and limitations provided by Plaintiff, which the ALJ concluded were not entirely reliable. The ALJ concluded that Dr. Johnson's opinions were inconsistent with the medical evidence of record.

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~9

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:
    (1) Supportability.
    The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
    (2) Consistency.
    The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

Plaintiff argues the ALJ reversibly erred by improperly rejecting Dr. Johnson's opinion. The Court agrees. The ALJ ignored the fact that Dr. Johnson diagnosed Plaintiff with Bipolar II disorder and Unspecified Anxiety Disorder, and failed to appreciate that mental health issues commonly wax and wane. The ALJ also failed to appreciate that Dr. Johnson's conclusions were based on observations, diagnoses, and prescriptions, in addition to Plaintiff's self-reports. The ALJ also failed to identify any longitudinal evidence that contracted Dr. Johnson's assessment or undermined her conclusions. Given that the ALJ erred in finding that Plaintiff was not credible, the ALJ erred in relying on the fact that Dr. Johnson relied, in part, on Plaintiff's self-reporting to find that Dr. Johnson's opinion was not supported or consistent with the record.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~10

The record does not support a finding that Dr. Johnson's opinion was inconsistent with the notes of Plaintiff's therapist, Ms. Lopaze. While the notes indicated some improvement with medication and therapy, Ms. Lopaze's notes failed to support any conclusion that Plaintiff had improved to the point of being able to work.

Substantial evidenced does not support the ALJ's conclusion that Dr. Johnson's opinion was not consistent with nor supported by the record.

## VIII. Conclusion

Once the improperly rejected evidence is considered, it is clear that Plaintiff is disabled because she is incapable of working on a regular and continuing basis. As such, a remand for an immediate award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 8 and Reply Brief, ECF No. 11, are **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 10, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 9th day of November 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~11